IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| David Jenkins, # 289283, | ) | |
|---|---|---|
| | ) | C/A No.: 4:09-cv-0267-GRA |
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden, McKither Bodison, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court to review Magistrate Judge Thomas E. Rogers' Report and Recommendation, filed on January 29, 2010. For the reasons stated herein, this Court adopts the magistrate's Report and Recommendation in its entirety.

Petitioner's initial complaint was filed on February 4, 2009, under 28 U.S.C. § 2254. On May 7, 2009, Respondent filed a Motion for Summary Judgement. On May 8, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1979), the magistrate judge advised Petitioner of the summary dismissal procedure and the possible consequences if he failed to respond adequately. Petitioner filed a Response in Opposition on June 5, 2009. The magistrate recommends granting Respondent's Motion for Summary Judgement. After being granted one time extension, Petitioner filed objections on March 12, 2010.

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those

drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).

The Court reiterates that it may only consider objections to the Report and Recommendation that direct this Court to a specific error. Many of Petitioner's "objections" do not refer to the magistrate's report; they merely rehash his initial arguments before the magistrate or restate the alleged facts of the case. These issues were correctly addressed by the magistrate and this Court will not address the issues a second time. This Court will address those objections which follow the guidelines

listed above.

Petitioner's first objection concerns the magistrate judge's statement that one of his grounds are procedurally defaulted. Petitioner argues that the magistrate judge's reliance on *State v. Bradley*, 223 S.C. 223 (1974), is misplaced, because *Bradley* dealt with an involuntary guilty plea, while Petitioner had a jury trial. However, the magistrate judge cites *Bradley* for the well-known proposition that an issue may not be raised for the first time on appeal; to preserve an issue for appeal, it must be raised to and ruled upon by the trial court, that is, the trial court must be given an opportunity to resolve the issue before it is presented to the appellate court. *See Bradley,* 263 S.C. at 223; *In re Michael H.*, 602 S.E.2d 729 (S.C. 2004); *State v. Hoffman*, 440 S.E.2d 869 (S.C. 1994). Petitioner's counsel did not request a charge of involuntary manslaughter at trial and did not object to its omission. Because the issue was not preserved for appeal, it cannot be brought forward now. Petitioner's objection is without merit.

Petitioner's second objection is that the magistrate judge's reliance on *Lockhart v. Pretwell*, 506 U.S. 364 (1993), is misplaced. In his Report and Recommendation, the magistrate judge cited to *Lockhart* when discussing a clarification of the prejudice prong of an ineffective assistance of counsel claim. (Mag's Rep. and Recomm. 18.) Petitioner cites to Justice O'Connor's concurring opinion in *Lockhart* stating that it "sheds light on Petitioner's issue." (Pet's Objs. at 8.) O'Connor states in her concurrence that certain factors are not a proper consideration when assessing "the

likelihood of a result more favorable to the defendant," i.e., the prejudice prong of a *Strickland v. Washington* ineffective assistance of counsel claim. *Lockhart*, 506 U.S. at 375 (O'connor, J., concurring). It is unclear what Petitioner is trying to show by citing to O'Connor's concurring opinion. In *Lockhart*, the Arkansas Department of Corrections (petitioner in that case) had conceded that counsel was deficient, and had focused in on the prejudice prong for the argument. Respondent makes no such concession here, so Petitioner must show both prongs. *See Strickland v. Washington*, 466 U.S. 668 (1984).

In Petitioner's objection, he argues that his counsel should have requested a lesser-included charge as a jury instruction, and that counsel's failure to do such resulted in ineffective assistance of counsel. However, at the PCR hearing, trial counsel made clear that the failure to request the specific charge was due to not wanting to lose credibility in the eyes of the jurors based on their arguments during trial. This Court will not even reach the prejudice prong as Petitioner has not shown how trial counsel's actions fell below an objective standard of reasonableness. Because courts are instructed not to second guess an attorney's trial strategy and tactics, *Goodson v. United States*, 564 F.2d 1071, 1072 (4th Cir.1977), trial counsel's reasonable trial strategies will not be questioned by this Court. Petitioner has failed to prove how his claim rises to the level needed for a successful ineffective assistance of counsel claim. Therefore, his objection is without merit.

After a thorough review of the record, magistrate judge's Report and

Recommendation, and the relevant case law, this Court finds that the magistrate judge applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate judge's Report and Recommendation in its entirety.

IT IS THEREFORE ORDERED THAT Respondent's Motion for Summary Judgement is GRANTED, Petitioner's Petition for Writ of Habeas Corpus is DENIED, and dismissed without an evidentiary hearing.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

March  18 , 2010
Anderson, South Carolina

# **CERTIFICATE OF APPEALABILITY**[1]

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

_____
G. Ross Anderson, Jr.
Senior United States District Judge

---

[1] On December 1, 2009, the Rules Governing Section 2254 and 2255 Cases in the United States District Courts were amended to require a District Court to issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. *See* 28 U.S.C. § 2254, Rule 11(a); 28 U.S.C. § 2255, Rule 11(a). This amendment also encompasses motions to reconsider final rulings on habeas petitions. *See U.S. v. Haynes*, No. 09-7606, 2009 WL 4506466 (4th Cir. Dec. 9, 2009).